Richard Garrett TURAY,
Plaintiff–Appellee,

v.

John Taylor ANDERSON, individual and his marital community and in his official capacity at the Special Commitment Center at Monroe WA; Norm Nelson, individually and in his marital community and his official capacity at the Special Commitment Center at Monroe, WA; William Dehmer; Scott Neil; Joan Kirchoff; Karen Sullivan; Pete Hazel, each in their individual capacity and in their official capacity as employees of the Department of Social and Health Services; Richard Bosse, in his individual capacity and in his official capacity as an employee of the Department of Corrections; Steve Wahl; Andre Simon, Defendants–Appellants,

v.

Laura McCollum, Plaintiff–Intervenor.

Jerry R. Sharp; Curtis Beard, aka Tony Wilson; Elmer Campbell; Joel Scott Reimer; Ronald L. Petersen; Joseph Aqui; Gilberto Soliz; Herman R. Paschke; Richard G. Turay; John F. Hall; Paul Begay; Randy Pedersen; Anthony Gallegos; Dennis Pryor; Rolando T. Aguilar; Samuel William Donaghe; Randy Pedersen, Plaintiffs–Appellees,

---

v.

**Mark J. Seling, PhD; Vince Gollogly, Dr., Defendants–Appellants.**

No. 99–36245.

D.C. Nos. CV–91–00664–WLD, CV–94–00121–WLD CV–94–00211–WLD CV–95–01111–WLD CV–96–00415–WLD.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2001.*

Decided June 27, 2001.

Before BROWNING, WALLACE, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

There are two issues raised in this appeal. The first, whether the district court inappropriately imposed new injunctive conditions in its November 1998 order, has been resolved by a previous panel.[1] We decline to revisit that issue under the law of the case doctrine, and instead give preclusive effect to the previous judgment affirming the district court's order.[2] Accordingly, we affirm as to that issue. We lack jurisdiction over the remaining issue: whether the district court abused its discretion when it found defendants in contempt and imposed sanctions. The district court's order did not "modify" or "continue" the injunction,[3] nor did it meet the jurisdictional standard of the collateral order doctrine—the order left the issue of sanctions "open, unfinished or inconclu-

---

* The panel unanimously finds this case suitable for decision without oral argument.   Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See Sharp v. Weston,* 233 F.3d 1166 (9th Cir.2000).

2. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 235 F.3d 1184, 1193 (9th Cir.2000) ("[T]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.") (internal citation and quotation marks omitted).

3. *See* 28 U.S.C. § 1292(a)(1).

sive" and was thus not "final" within the meaning of 28 U.S.C. § 1291.[4] "Piecemeal appeals are rarely entertained,"[5] and we decline to do so in this case. Accordingly, we dismiss that issue.

AFFIRMED IN PART, DISMISSED IN PART.

**4.** *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

**5.** *Cacique, Inc. v. Robert Reiser & Co.,* 169 F.3d 619, 622 (9th Cir.1999).

